Brandon P. Leahy (SBN 298064)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001
E-mail: bleahy@duanemorris.com

Attorneys for Plaintiff
SCOTT SERIO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# (SAN FRANCISCO DIVISION)

| | |
|---|---|
| SCOTT SERIO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FAN FAIR INC. d/b/a MARIN COUNTY SPORTS,<br><br>　　　　　　Defendant. | Case No.: 3:16-cv-00438-JSC<br><br>**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Scott Serio ("Plaintiff"), by his undersigned attorneys, Duane Morris LLP, for his Amended Complaint alleges as follows:

## SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501 *et seq*. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

2. Plaintiff Scott Serio is an individual doing business as Eclipse Sportswire, with an office address at 7 Spring Knoll Ct., Colora, Maryland 21917.

3. Upon information and belief, defendant Fan Fair, Inc. doing business as "Marin County Sports" ("Defendant") is a corporation organized under the laws of Arizona with a principal

place of business at 3838 East Patrick Lane, Phoenix, Arizona, 85050.

**JURISDICTION AND VENUE**

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant solicits, transacts, and/or is doing business on an ongoing basis within the State of California and within this Judicial District, including without limitation by offering for sale, selling, and/or advertising its infringing products on the eBay website headquartered in this State and this Judicial District and derives substantial revenue from such sales. As such, Defendant expected or should have expected that its business activities could or would subject it to legal action in the State of California and jurisdiction is proper under the long arm statute of the State of California. CCP § 410.10.

6. Personal jurisdiction over Defendant in this Court also is proper pursuant to CCP § 410.10, because, while conducting business in this forum by and through its eBay website, Defendant willfully committed the copyright infringement giving rise to this lawsuit.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this Judicial District and because Defendant is subject to personal jurisdiction in this Judicial District.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

A. <u>Plaintiff's Business</u>

8. Plaintiff is a professional photographer in Maryland and, through his business, creates and licenses photographic images for various uses.

9. Plaintiff creates and licenses editorial photographic images for many sports but is particularly renowned for his horse racing photography. Among the many stunning photographs created by Plaintiff, Plaintiff is the original author of a photographic image of the Triple Crown winning horse American Pharoah taken in May 2015 (the "Copyrighted Work").

10. Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work.

Attached hereto as **Exhibit A** is a copy of the Copyrighted Work.

11. Effective as of July 2, 2015, Plaintiff obtained a timely registration with the United States Copyright Office for a collection of photographic images titled, "Group Registration Photos, Scott Serio American Pharaoh 2015, Published May. 03, 2015 to Jun. 20, 2015; 194 photos," which included the Copyrighted Work (identified in that copyright registration as a100150516eswmedia_04735). Attached hereto as **Exhibit B** is a copy of the certificate for Registration Number VA 1-974-674 obtained from the United States Copyright Office.

12. Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

13. Plaintiff has the exclusive right to reproduce, display, and distribute the Copyrighted Work, and to prepare derivative works based upon the Copyrighted Work.

B. <u>Defendant's Unlawful Activities</u>

14. Upon information and belief, Defendant operated and continues to operate an Internet store through the eBay website using the trade name Marin County Sports and located at the URL http://stores.ebay.com/marincountysports/, where Defendant has sold and continues to sell, among other items, sports memorabilia.

15. Plaintiff has discovered instances in which Defendant has infringed Plaintiff's exclusive copyrights in the Copyrighted Work.

16. Specifically, Plaintiff discovered that Defendant was infringing Plaintiff's copyright by making, publicly displaying and distributing unauthorized reproductions and derivative works of the Copyrighted Work, which Defendant offered for sale and sold through Defendant's eBay store.

17. Defendant's creation, public display and distribution of reproductions, and derivative works of the Copyrighted Work is without Plaintiff's permission. Copies of screenshots demonstrating Defendant's unauthorized use ("Infringing Works") are attached hereto as **Exhibit C**.

### CLAIM FOR RELIEF
### DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq*.)

1. Plaintiff realleges paragraphs 1 through 17 above and incorporates them by reference

as if fully set forth herein.

2. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff exclusively owns all rights, title and interest in and to the copyrights in the Copyrighted Work.

3. Upon information and belief, as a result of Plaintiff's publication of the Copyrighted Work and Defendant's creation of a derivative work, Defendant had access to the Copyrighted Work prior to the creation, reproduction, public display and distribution of the Infringing Works.

4. Defendant has infringed and violated Plaintiff's exclusive rights in the Copyrighted Work under the Copyright Act, 17 U.S.C. § 501 *et seq.*, by copying, reproducing, distributing, publicly displaying and creating derivative works based on, the Copyrighted Work.

5. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of the Plaintiff.

6. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each Copyrighted Work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, and at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on Plaintiff's lost profits and the disgorgement of Defendant's profits in connection with its infringements of Plaintiff's exclusive rights in the Copyrighted Work, which amounts will be proven at trial.

7. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

8. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

WHEREFORE, Plaintiff demands judgment in his favor as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright

Act;

2. A declaration that such infringement is willful;

3. A disclosure of all Infringing Works and full accounting of all items sold by Defendant that display the Copyrighted Work, in whole or in part, or any Infringing Work;

4. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the jury or Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the jury or Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each Copyrighted Work infringed;

5. An award of such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

6. An award of Plaintiff's costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

7. An award of Plaintiff's interest, including pre-judgment interest, on the foregoing sums;

8. A permanent injunction enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiffs' Copyrighted Work or to participate or assist in any such activity, and to destroy all copies, whether in electronic or physical form, of the Copyrighted Work and any Infringing Work; and

9. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: January 27, 2015              DUANE MORRIS LLP

By: _/ s / Brandon P. Leahy_
Brandon P. Leahy (SBN 298064)
Attorneys For Plaintiff
SCOTT SERIO

DM2\6488788.1 U2994/00017                 5
AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT        CASE NO.: 3:16-CV-00438-JSC