1   Brandon P. Leahy (SBN 298064)
    **DUANE MORRIS LLP**
2   Spear Tower
    One Market Plaza, Suite 2200
3   San Francisco, CA  94105-1127
    Telephone: +1 415 957 3000
4   Fax: +1 415 957 3001
    E-mail: bleahy@duanemorris.com
5

6   Attorneys for Plaintiff
    SCOTT SERIO
7

8                    **UNITED STATES DISTRICT COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                      **(SAN FRANCISCO DIVISION)**

11

12  SCOTT SERIO,                              Case No.: 3:16-cv-00438-JSC

13                  Plaintiff,
                                              **MEMORANDUM OF POINTS AND**
14          v.                                **AUTHORITIES IN SUPPORT OF**
                                              **PLAINTIFF SCOTT SERIO'S**
15  FAN FAIR INC. d/b/a MARIN COUNTY SPORTS,  **MOTION FOR DEFAULT JUDGMENT**
                                              **AGAINST DEFENDANT FAN FAIR**
16                  Defendant.                **INC. D/B/A MARIN COUNTY SPORTS**

17

18                                            Date:        September 1, 2016
                                              Time:        9:00 a.m.
19                                            Courtroom: F, 15th Floor

20
                                              Magistrate Judge:   Jacqueline S. Corley
21                                            Complaint Filed:    January 25, 2016

22

23

24

25

26

27

28

I.      INTRODUCTION

Pursuant to Fed. R. Civ. P. 55(b)(2) and the Court's May 25, 2016 entry of default against Defendant Fan Fair Inc. d/b/a Marin County Sports ("Defendant") (See Dkt. No. 20), Plaintiff Scott Serio ("Plaintiff") requests entry of default judgment against Defendant, the award of damages including reasonable costs and attorney fees, plus interest, and a permanent injunction.

II.     STATEMENT OF ISSUES TO BE DECIDED

1.      The amount of damages for which Plaintiff is entitled pursuant to 17 U.S.C. §§ 504(c) and 505; and

2.      The scope of injunctive relief to be entered against Defendant pursuant to 17 U.S.C. §§ 502 and 503.

III.    STATEMENT OF RELEVANT FACTS

A.      Factual Background

Plaintiff is a professional photographer who makes his living creating and licensing editorial photographic images for many sports, but he is particularly renowned for his horse-racing photography.  Included among his many horse-racing photographs is one of the Triple Crown winning horse American Pharaoh, taken by Plaintiff in May 2015 (the "Copyrighted Work").  (Dkt. No. 7 (Amended Complaint by Plaintiff ("Complaint")) at p. 2, ¶¶ 8,9).  Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work, and effective as of July 2, 2015, Plaintiff has owned a registration with the United States Copyright Office for a collection of photographic images entitled, "Group Registration Photos, Scott Serio American Pharaoh 2015, Published May 03, 2015 to Jun. 20, 2015' 194 photos" (Registration Number VA 1-974-674) which included the Copyrighted Work (*id.* at ¶¶ 10-13).

Defendant operates an online store through the eBay website using the trade name Marin County Sports, located at the URL <http://stores.ebay.com/marincountysports/>, under which he sells, among other items, sports memorabilia. (Complaint at p. 3, ¶ 14).  Defendant is incorporated under the laws of Arizona.  (*Id.* at pp. 1-2, ¶ 3).  Plaintiff discovered Defendant was publicly displaying for sale, without Plaintiff's authorization, reproductions of the Copyrighted Work on Defendant's eBay store.  (*Id.* at ¶ 16).  Plaintiff did not permit Defendant's creation, public display,

1    distribution, or any other copyright-protected use of the Copyrighted Work.  (*Id.* at ¶ 17).  Plaintiff's

2    investigation indicates that Defendant's eBay account is still in operation, with many sports

3    memorabilia and other items listed for sale, though it does not appear reproductions of the

4    Copyrighted Work are presently listed for sale.  (See Dkt. 19-1, ¶ 8).

5        **B.      Procedural History**

6        Plaintiff filed a complaint for copyright infringement against Defendant in this Court on

7    January 25, 2016, and two days later, on January 27, 2016, filed the operative, amended Complaint.

8    Plaintiff made many attempts to personally serve Defendant, first by sending a process server

9    numerous times to the address listed with the Arizona Corporation Commission ("ACC") for

10   Defendant's agent, Jeffrey Kranz (Dkt. No. 16-1 (Decl. of Brandon Leahy I/S/O Request for

11   Continuance of Initial CMC) at ¶ 2), and after those attempts failed, by sending a processer server

12   numerous times to a New York address that appeared in Plaintiff's investigation *(id.* at ¶ 3).

13       When those attempts failed, Plaintiff reverted to a method of personal service prescribed by

14   Federal Rule of Civil Procedure 4(e)(1) and Arizona Rules of Civil Procedure, Rule 4.1(I), by which

15   Plaintiff filed the summons, Complaint, and other required documents with the ACC, which then

16   mailed the documents to Defendant's last known address.  (Dkt. 19-1 (Decl. of Brandon Leahy I/S/O

17   Request for Entry of Default) at ¶ 4).  The ACC issued a Certificate of Mailing on April 14, 2016,

18   certifying the completion of personal service.[1]  (*Id.*).  This proof of service is on file with the Court.

19   (See Dkt. No. 18).

20       Defendant has not answered the complaint or otherwise appeared in this matter, nor did it

21   respond to Plaintiff's effort to contact it through the eBay website.  (See Dkt. No. 19-1, ¶ 7).  As

22   such, on May 20, 2016, Plaintiff filed a request for entry of default against Defendant.  (Dkt. No.

23   19).  Default was then entered against Defendant on May 25, 2016.  (Dkt. No. 23).

24   ///

25   ///

26

27   ───────────────────
     [1] The ACC mailed the Complaint and summons to Defendant's last known address on March 29,
     2016 and the Order Setting Initial Case Management Conference and ADR Deadlines on April 14,
     2016.  (Dkt. 19 at ¶ 4).

28

DM2\6989088.1                                           2

MEMO OF P'S & A'S I/S/O PLAINTIFF SCOTT SERIO'S                    CASE NO.: 3:16-CV-00438-JSC
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT FAN FAIR INC.

1

**IV.    ARGUMENT**

2

**A.    Entry of Default Judgment is Appropriate and Reasonable**

3

Entry of default judgment and an award of damages is appropriate where, as is the case here,

4

a defendant never appears in the action and its failure to defend is unexplained. *See, e.g., Microsoft*

5

*Corp. v. Ricketts, 2007 U.S. Dist. LEXIS 40898* (N.D. Cal. May 24, 2007) (granting default judgment

6

for copyright infringement after defendant never appeared or otherwise responded to complaint); *see*

7

*also Autodesk, Inc. v. Flores*, No. 10-cv-01917, 2011 U.S. Dist. LEXIS 11687, at *30-31 (N.D. Cal.

8

Jan. 31, 2011) (granting default judgment for copyright infringement plus damages).  Defendant was

9

officially served on April 14, 2016.  (*See* Dkt. No. 18).  This Court entered default against Defendant

10

on May 25, 2016 (Dkt. No. 23).

11

There are seven factors—the so-called "*Eitel* factors"—the Court should consider when

12

exercising its discretion to enter default judgment: (1) the possibility of prejudice if relief is denied;

13

(2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of

14

money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether

15

the default was due to the defendant's excusable neglect; and (7) the strong policy underlying the

16

Federal Rules of Civil Procedure favoring decisions on the merits.  *Tagged, Inc. v. Does*, No. 09-cv-

17

01713, 2010 U.S. Dist. LEXIS 5428, at *35-36 (N.D. Cal. Jan. 25, 2010) (citing *Eitel v. McCool*,

18

782 F.2d 1470, 1471-1472 (9th Cir. 1986)).  Here, each of the factors militates in favor of entering

19

default judgment against Defendant, consistent with Plaintiff's proposed judgment

20

1.    Prejudice to Plaintiff

21

Although it appears from Plaintiff's investigation that Defendant is not currently listing

22

reproductions of the Copyrighted Work on his eBay store, he may be currently selling it elsewhere

23

or intending to sell it on eBay or elsewhere again in the future.  Unless the Court grants Plaintiff's

24

motion and enters a judgment against Defendant, Plaintiff will suffer continuing prejudice because it

25

will have no means to prevent Defendant's potential future (or perhaps continuing) copyright

26

infringement.  *See Microsoft*, 2007 U.S. Dist. Lexis 20898 at *7-8 ("If this motion [for default

27

judgment] is not granted, plaintiff will be left without a remedy or a means to prevent defendant's

28

continued infringement.").  Thus, this factor weighs in favor of granting Plaintiff's motion.

1

2.      The Substantive Merits of Plaintiff's Complaint

2
Upon entry of default, all factual allegations in Plaintiff's counterclaims are accepted as true,

3
except those allegations relating to the amount of damages. *Televideo Sys., Inc. v. Heidenthal*, 826

4
F.2d 915, 917-918 (9th Cir. 1987).  Count I of the Complaint (the only cause of action) alleges direct

5
infringement of the Copyrighted Work.  (Complaint, pp. 3-4).  "To establish copyright infringement,

6
a plaintiff must prove: (1) ownership of a valid copyright and (2) that the defendant violated at least

7
one exclusive right granted to plaintiff under 17 U.S.C. § 106." *Autodesk*, 2011 U.S. Dist. LEXIS at

8
*7-8.  Taking Plaintiff's allegations as true, Plaintiff owns all exclusive rights to the Copyrighted

9
Work.  (Complaint at p. 3, ¶ 11).  The Complaint attaches a copy of the registration issued by the

10
Copyright Office for photographic images created by the Plaintiff, including the Copyrighted Work.

11
(Complaint at p. 3 ¶ 11, Exh. B; Serio Decl. at ¶ 4).  Further, the Complaint presents direct evidence

12
of Defendant's violations of Plaintiff's exclusive right to reproduce, display, and distribute the

13
Copyrighted Work by, without Plaintiff's permission, copying, reproducing, distributing, publicly

14
displaying and creating derivative works based on the Copyrighted Work which he sold through an

15
eBay merchant's account.  (*Id.* at p. 3, ¶ 13, p. 4 ¶¶ 3-6, and Exh. C).

16
Accordingly, there is no question that the substance of Plaintiff's copyright claim has merit.

17

3.      Sufficiency of the Complaint

18
When default is entered, and thus the allegations in a plaintiff's complaint are deemed true,

19
courts generally consider the merits and sufficiency factors together.  *See, e.g., Autodesk*, 2011 U.S.

20
Dist. LEXIS at *7.  Because default was entered here, Plaintiff's allegations are deemed true and his

21
claim of copyright infringement thus has merit; therefore, Plaintiff's complaint is also sufficient to

22
support the entry of default judgment.

23

4.      The Sum of Money at Stake Favors Default

24
Plaintiff is seeking a maximum statutory damages award of $150,000 in damages, plus his

25
attorneys' fees, costs, and interest.  (*See* Complaint at p. 4, ¶ 6).  Plaintiff's damages are substantial

26
to his business and reasonable in light of Defendant's egregious misconduct and the damages

27
awarded for default judgment in other cases.  *See, e.g. Facebook*, 2009 U.S. Dist. LEXIS 107771, at

28
*8-9 (awarding default judgment damages of $711,237,650 for violation of CAN-SPAM Act); *see*

*also Blizzard Entm't, Inc. v. Reeves*, No. 09-cv-7621, 2010 U.S. Dist. LEXIS 85560, at \*10 (C.D. Cal. Aug. 10, 2010) (awarding \$85,478,600 in statutory damages under Copyright Act); *see also IO Group, Inc. v. Antelope Media, LLC*, No. 08-cv-4050, 2010 U.S. Dist. LEXIS 61736, at \*5 (N.D. Cal. May 28, 2010) (awarding \$1,350,000 in statutory damages under Copyright Act).  Therefore, the sum of money at stake, which is statutorily prescribed for willful copyright infringement, favors entry of default judgment.

### 5.   The Possibility of a Dispute Concerning Material Facts

Plaintiff filed this action on January 25, 2016, and filed an amended complaint on January 27, 2016.  Defendant evidently sought to evade service of process by intentionally not appearing at the address listed for its service of process in the Arizona Corporation Commission ("ACC") records, or intentionally failing to maintain accurate records concerning his residential address with the ACC.  (See Dkt. 16-1 at ¶ 2).  More importantly, Defendant was formally served twice:  first on March 25, 2016, when the ACC received the summons and Complaint from Plaintiff (and mailed to Defendant the summons and Complaint at its last known place of business address on March 29, 2016) (see *id.* at ¶ 5), and second on April 14, 2016, when Plaintiff filed the summons, Complaint, and other required documents with the ACC to ensure Defendant was also served with the Order Setting Initial Case Management Conference and ADR deadlines (which was mailed by the ACC on April 14, 2016) (see Dkt. 19-1, ¶ 4).  These methods of personal service were done in accordance with Arizona Rules of Civil Procedure, Rule 4.1(I) and Federal Rule of Civil Procedure 4(e)(1). (*See id.* at ¶ 4; *see also* Dkt 18.)  Defendant was thus on notice of the causes alleged, and because he did not answer or otherwise respond, there can be no dispute concerning any material fact.  *See Microsoft, 2007 U.S. Dist. LEXIS 40898* at \*8 (finding in favor of default judgment on this factor because "Defendant never answered or otherwise responded to the complaint, so it is unclear whether there would be any dispute over material facts.").  Therefore, this fact too favors entry of default judgment.

### 6.   Defendant's Default Was Not Due to Excusable Neglect

Defendant is incorporated under the laws of Arizona, and as such, must maintain current records with the Arizona Corporation Commission, including his place of address for service of

1   process.  As already detailed, Plaintiff made many attempts to locate Defendant's agent at this

2   address and ultimately personally served Defendant there through the mailing procedure with the

3   ACC.  The only conclusion to draw after these efforts and Defendant's failure to appear in this

4   action is that either Defendant has not maintained a current corporate address or is intentionally

5   ignoring this action and refusing to appear.  In either case, Defendant's neglect is not excusable.  *See*

6   *Microsoft, 2007 U.S. Dist. LEXIS 40898* at \*8 (finding this factor favored default judgment because

7   of "no evidence that [the] defendant's failure to respond was the result of excusable neglect.").

8          7.     <u>Resolution on the Merits is Not Possible</u>

9        As a result of Defendant's failure to appear and defend this action, Plaintiff was left with no

10   choice but to bring this motion for default judgment.  Default judgment is thus appropriate because

11   resolution on the merits is not possible. *See Autodesk*, 2011 U.S. Dist. LEXIS 11687 at \*17

12   ("although federal policy favors decisions on the merits, it does not appear that resolution on the

13   merits will be possible in this case."); *see also Microsoft, 2007 U.S. Dist. LEXIS 40898* at \*8

14   (finding in favor of default judgment on this factor because "Although federal policy does favor a

15   decision on the merits, Rule 55(b) allows the entry of default judgment in situations, such as this,

16   where the defendant has refused to litigate.").

17        **B.**    **Plaintiff is Entitled To An Award of Monetary Damages**

18        Plaintiff is entitled to an award of statutory damages for Defendant's infringement of

19   Plaintiff's exclusive rights in the Copyrighted Work, and enhancement of its statutory award based

20   upon the willfulness of such infringement.  A successful copyright infringement plaintiff is entitled

21   to choose whether it will seek an award of actual or statutory damages. 17 U.S.C. § 504(a).  Because

22   Defendant has refused to appear and subject itself to discovery, Plaintiff is not in a position to seek

23   an award of damages based on the profits Defendant has unlawfully obtained through its

24   infringement. Accordingly, Plaintiff seeks an award of maximum statutory damages for Defendant's

25   willful infringement of Plaintiff's registered Copyrighted Work.

26          1.     <u>Statutory Damages</u>

27        Plaintiff seeks an award of statutory damages enhanced to $150,000, due to the willful nature

28   of Defendant's infringement. 17 U.S.C. § 504(c).  A finding of willful copyright infringement can be

MEMO OF P'S & A'S I/S/O PLAINTIFF SCOTT SERIO'S        CASE NO.: 3:16-CV-00438-JSC
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT FAN FAIR INC.

"based on either 'intentional' behavior, or merely 'reckless' behavior." *Albarran v. New Form, Inc.*, 545 F.3d 702, 708 (9th Cir. 2008). As set forth above and as shown clearly in the Complaint, Defendant had been listing for sale a reproduction of the Copyrighted Work on his eBay website. (See Complaint at p. 3, ¶ C). There can be doubt that Defendant was aware that he did not own the copyrights in the photograph, and further that he was not authorized by Plaintiff to sell or otherwise use the Copyright Work. Such knowledge clearly indicates intentional or reckless infringement.

Moreover, Defendant's decision not to defend against Plaintiff's claim further demonstrates that its conduct was willful. *Autodesk*, 2011 U.S. Dist. LEXIS at *22 ("Willfulness may also be inferred or admitted based on a defendant's failure to defend."). Where a defendant has defaulted, it is not necessary for the plaintiff to "prove-up" willfulness in order to obtain the maximum amount of statutory damages; so long as the plaintiff has pled that the defendant's acts of infringement were willful, the Court's default judgment will include an implied finding of willfulness sufficient to warrant the full $150,000 in statutory damages. *Aries Music Entm't, Inc. v. Angelica's Record Distribs*, 506 Fed. Appx. 550, 552 (9th Cir. 2013), citing *Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 702 (9th Cir. 2008).

Here, the Complaint alleged that Defendant's infringement of the Copyrighted Work was "willful and deliberate." (Complaint at p. 4, ¶ 5). Consequently, Plaintiff requests the Court award the maximum amount of statutory damages of $150,000 for Defendant's willful infringement. *See Aries Music, supra,* 506 Fed. Appx. at 552; *see also Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1074 (C.D. Cal. 2004) (awarding maximum statutory damages of $150,000 for each act of willful infringement because infringement was "particularly egregious").

Plaintiff's request for maximum statutory damages is reasonable, given the valuable license fees Plaintiff has lost based on Defendant's infringing reproductions and sales of Plaintiff's Copyrighted Work. Plaintiff is a very experienced sports photographer who creates images commanding license fees of $2,000 or more for similar uses. (Serio Decl. at ¶ 6). Infringements such as Defendant's negatively impacts Plaintiff's market for his photographs. (*Id.* at ¶ 7). Defendant's intentional default has deprived Plaintiff of an ability to take discovery of the actual number of infringing reproductions and sales of his Copyrighted Work and the revenue earned by

1  Defendant as a result of his infringing conduct, essentially depriving Plaintiff of an ability to

2  accurately quantify and recover his actual damages and the profits to be disgorged under 17 U.S.C.

3  § 504(b).  In these circumstances, an award of the maximum statutory damages under 17 U.S.C.

4  § 504(c)(2) is appropriate to accomplish full compensation to the Plaintiff for the damages suffered

5  and to create a disincentive against infringers intentionally hiding the profits from their infringing

6  conduct in the hope of earning more than they can be held accountable for in actual damages.

7          **C.**        **Plaintiff is Entitled To An Award of Reasonable Fees and Costs**

8          Under 17 U.S.C. § 505, the Court, in its discretion, "may allow the recovery of full costs by

9  or against any party" and "may also award a reasonable attorney's fee to the prevailing party as part

10  of the costs." Because default has been entered against Defendant, and Plaintiff's claim of copyright

11  infringement is plainly accurate and uncontroverted, there can be no dispute that Plaintiff is the

12  prevailing party under 17 U.S.C. § 505. When awarding fees and costs under the Copyright Act,

13  "[d]istrict courts should consider, among other things, 'the degree of success obtained; frivolousness;

14  motivation; objective unreasonableness (both in the factual and legal arguments in the case); and the

15  need in particular circumstances to advance considerations of compensation and deterrence.'").

16  *Historical Research v. Cabral*, 80 F.3d 377, 379 (9th Cir. 1996) (quoting *Jackson v. Axton*, 25 F.3d

17  884, 890 (9th Cir. 1994)).  In light of the egregious nature of Defendant's willful infringement and

18  Defendant's refusal to litigate, an award for Plaintiff's fees and costs associated with this litigation is

19  appropriate. *See Microsoft, 2007 U.S. Dist. LEXIS 40898* at *13 ("Defendant has failed to appear in

20  this action, and the amount of attorney's fees and costs asked for by plaintiff seems reasonable under

21  the circumstances.").

22          The Ninth Circuit applies the lodestar method for calculating an award of attorney fees.

23  *McElwaine v. US West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999); *see Intel Corp. v. Terabyte Int'l,*

24  *Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69 (9th

25  Cir. 1975)).  In the present case, Plaintiff has incurred reasonable fees and costs in the amount of

26  $13,505.31, as a result of filing this action against Defendant, effecting service, and moving for entry

27  of default and for default judgment. (*See* Cowley Decl. at p. 3, ¶ 13).

28  ///

**D.     Plaintiff is Entitled to Post-Judgment Interest**

Plaintiff is entitled to postjudgment interest for the total damage award, including its award of fees and costs.  28 U.S.C. § 1961; *see also Autodesk*, 2011 U.S. Dist. LEXIS at *29-30 (awarding interest on "aggregate sum of statutory damages, attorney's fees, and costs awarded").  "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment."  28 U.S.C. § 1961(a). The date of commencing the calculation of interest is the date entitling the plaintiff to its damage award, not the date the quantum of the award is calculated.  *Mathis v. Spears*, 749 F.2d 749, 760 (Fed. Cir. 1988) ("[i]nterest on an attorney fee award… runs from the date of the judgment establishing the right to the award, not the date of the judgment establishing its quantum.").  This policy "deters use of the appellate process by the judgment debtor solely as a means of prolonging its free use of money owed the judgment creditor." *Id.* at 33.

Accordingly, Plaintiff is entitled to interest calculated from the date this Court grants this motion. Should the Court grant Plaintiff leave to furnish documentation supporting the quantum of its attorney fee award, Plaintiff will include updated documentation, if available, demonstrating the "1-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System" as of the date of the Court's order granting default judgment.

**E.     Plaintiff is Entitled To Permanent Injunctive Relief**

Pursuant to 17 U.S.C. § 502, this Court has the authority to grant permanent injunctive relief "reasonable to prevent or restrain infringement of a copyright." *See also Microsoft, 2007 U.S. Dist. LEXIS 40898* at *9-10 (granting a permanent injunction under § 502(a)).  Here, Defendant may well continue to or again willfully infringe the Copyright Work, including by creating and distributing infringing derivative works.  Defendant's conduct leading to, and throughout, this lawsuit demonstrates that, without a permanent injunction, it may well continue to or again willfully infringe Plaintiff's copyright.  (*See* Complaint at ¶¶ 17-23).

A plaintiff seeking a permanent injunction must demonstrate the following:

(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as

DM2\6989088.1

9

1

2
monetary damages, are inadequate to compensate for that injury; (3) that, considering
the balance of hardships between the plaintiff and defendant, a remedy in equity is
warranted; and (4) that the public interest would not be disserved by a permanent
injunction.

3

4
*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006).

5
With regard to the first two factors, cases of "copyright . . . infringement are generally presumed to

6
give rise to irreparable harm for which there is no adequate remedy at law." *Autodesk*, 2011 U.S.

7
Dist. LEXIS at *19 (citing, among others, *Cadence Design Systems, Inc. v. Avant! Corp.*, 125 F.3d

8
824, 826-27 (9th Cir. 1997) ("a presumption of irreparable injury arises if the plaintiff is able to

9
show a likelihood of success on the merits of its copyright infringement claim."); *see also IO Group,*

10
*Inc. v. Antelope Media*, LLC, No. 08-cv-4050, 2010 U.S. Dist. LEXIS 61736, at *5 (N.D. Cal. May

11
28, 2010) (citing *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993) ("As a

12
general rule, a permanent injunction will be granted when liability has been established and there is a

13
threat of continuing violations."). As set forth above, there is substantial evidence demonstrating the

14
necessity of a permanent injunction.

15
The balance of hardships weighs in favor of Plaintiff because "an injunction would simply

16
require [Defendant] to comply with the Copyright" Act. *Autodesk*, 2011 U.S. Dist. LEXIS at *19.

17
Similarly, an injunction would serve the public interest by "'upholding' the rights that 'Congress has

18
elected to grant . . . to the owner of a copyright in a protected work.'" *Id.* at *20 (quoting *Apple*

19
*Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983)). Additionally,

20
Defendant's unwillingness to appear and defend its conduct on the merits should give the Court "no

21
assurances that they will cease their infringing activities and makes it difficult for [Plaintiff] to

22
prevent further infringement." *Id.* Plaintiff is entitled to a permanent injunction, and accordingly

23
requests the Court enter such an injunction in the form provided in the accompanying proposed

24
order.

25
**V.   CONCLUSION**

26
For the reasons set forth above, Plaintiff respectfully requests the Court grant its motion for

27
default judgment and award damages in the amount of $150,000.00 plus attorneys' fees and costs of

28
$13,505.31, along with interest, and that Plaintiff be granted leave to submit documentation

MEMO OF P'S & A'S I/S/O PLAINTIFF SCOTT SERIO'S                           CASE NO.: 3:16-CV-00438-JSC
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT FAN FAIR INC.

1  supporting any additional fees and costs and the appropriate interest rate within fourteen (14) days of

2  the Court's order.  Plaintiff further requests a permanent injunction.

3

4  Dated: July 28, 2016                              **DUANE MORRIS** LLP

5

6                                          By:/ s / Brandon P. Leahy
                                               Brandon Leahy (SBN 298064)

7                                             Attorneys for Plaintiff
                                               SCOTT SERIO

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMO OF P'S & A'S I/S/O PLAINTIFF SCOTT SERIO'S                    CASE NO.: 3:16-CV-00438-JSC
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT FAN FAIR INC.